The PEOPLE of the State of Colorado, Complainant,

v.

Stephen A. HODGE, Attorney–Respondent.

No. 89SA316.

Supreme Court of Colorado, En Banc.

Oct. 30, 1989.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

No appearance by respondent.

Justice ROVIRA delivered the Opinion of the Court.

A complaint was filed with the Supreme Court Grievance Committee charging the respondent, Stephen A. Hodge, with professional misconduct in connection with his representation of a client on a worker's compensation claim. The respondent failed to answer the complaint and an order for default was entered. C.R.C.P. 241.13(b). A hearing board of the Grievance Committee found by clear and convincing evidence that the respondent had engaged in acts of professional misconduct, and recommended that he be suspended for a period of three years and assessed the costs of these proceedings. A hearing panel approved the findings and recommendation. We now adopt the findings and recommendation of the Grievance Committee and suspend the respondent from the practice of law for three years.

The respondent was admitted to the practice of law in the State of Colorado on May 17, 1977, and is subject to the jurisdiction of this court and its Grievance Committee. Based on the respondent's default and various exhibits admitted into evidence at the hearing, the hearing board made the following findings with respect to the allegations of professional misconduct.

In July 1983, Lynda Matthews retained the respondent to represent her in a worker's compensation claim. Shortly thereafter, respondent closed his office in Grand Junction and moved to Denver.

During 1984 and 1985, respondent took no action on the case, except to file an entry of appearance and petition to reopen claim in September 1984. Respondent had no other contact with Matthews during this period.

Matthews' claim was heard on October 22, 1986. Respondent did not prepare her or her expert witness prior to the hearing. Subsequently, on November 24, 1986, an order was entered denying her claim for permanent partial disability and vocational rehabilitation benefits. Respondent filed a petition for review with the Industrial Claim Appeals Office. The petition was denied on June 26, 1987.

On July 16, 1987, respondent filed a notice of appeal with the Colorado Court of Appeals. After securing an extension of time for the filing of the opening brief, he failed to file a brief or further motions for extension of time.

On January 19, 1988, the court of appeals issued an order to show cause why the appeal should not be dismissed with prejudice. On February 4, 1988, respondent requested an extension of time to February 10, 1988, to respond to the order to show cause. On that date, he filed a response indicating a number of reasons why the

opening brief had not been filed. The court of appeals deferred its ruling until March 25, 1988.

On February 8, 1988, in *People v. Hodge*, 752 P.2d 533 (Colo.1988), this court ordered the suspension of respondent for one year and a day. Respondent sent Matthews a notice of his suspension, but did not make any further filings with the court of appeals.

Thereafter, despite Matthews' efforts, respondent failed and refused to return her file. In addition, he failed to respond to the request by the Grievance Committee for investigation into this matter.

The hearing board concluded that the respondent's conduct violated the following disciplinary rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule); DR 2–110(A)(1) (withdrawal from representation without permission of a tribunal); DR 2–110(A)(2) (failure to take reasonable steps to avoid foreseeable prejudice to a client upon withdrawal, including the failure to deliver papers to which the client was entitled); DR 6–101(A)(2) (handling a legal matter without adequate preparation); and DR 6–101(A)(3) (neglect of a legal matter).

The hearing board concluded that respondent's prior disciplinary offenses, pattern of misconduct, multiple offenses, and obstruction of the disciplinary process constituted aggravating factors warranting a suspension of three years. A hearing panel of the Grievance Committee affirmed the findings and recommendation of the hearing board.

We accept the Grievance Committee's recommendation. "Suspension should be imposed when a lawyer knows that he is not performing the services requested by the client, but does nothing to remedy the situation, or when a lawyer engages in a pattern of neglect, with the result that the lawyer causes injury or potential injury to a client." ABA Standards for Imposing Lawyer Sanctions § 4.42 commentary at 32–33 (1986). The respondent not only neglected the worker's compensation claim of his client, but also failed to adequately pursue an appeal filed with the court of appeals. Also, respondent's misconduct occurred during a time when disciplinary proceedings were being conducted against him for similar acts of misconduct, which resulted in a suspension for one year and a day. In addition, respondent failed to respond to the Grievance Committee for investigation into this matter. Consequently, the respondent's pattern of misconduct in this case demonstrates a continued disregard of his professional responsibilities.

Accordingly, the respondent is suspended from the practice of law for a period of three years effective from the date of this opinion. Because the respondent is presently under suspension, *People v. Hodge*, 752 P.2d 533 (Colo.1988), compliance with C.R.C.P. 241.21 is not necessary. The respondent is also ordered to pay the costs of these proceedings in the amount of $116.08, within thirty days of the date of this opinion, to the Colorado Supreme Court Grievance Committee, Suite 500 S, 600 Seventeenth Street, Denver, Colorado 80202–5435.